UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
AKILAH WHITLEY,                                   :
                        Petitioner,       :       **ORDER ADOPTING REPORT**
v.                                                :       **AND RECOMMENDATION**
                                                  :
SABINA KAPLAN, Superintendent,                    :       10 CV 6657 (VB)
                        Respondent.       :
----------------------------------------------------------------x

Briccetti, J.:

       Before the Court is Magistrate Judge Lisa M. Smith's Report and Recommendation ("R&R"), dated August 9, 2013, on petitioner Akilah Whitley's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, from her November 14, 2007, conviction in Westchester County Court.  (Doc. #19).  Judge Smith recommended the Court deny the petition.

       The Court presumes familiarity with the factual and procedural background of this case.

       For the following reasons, the Court adopts the R&R as the opinion of the Court, and denies the petition.

       A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within 14 days after being served with a copy of the recommended disposition.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).

       Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made.  28 U.S.C. § 636(b)(1)(C).  The district court may adopt those portions of a report and recommendation to which no timely objections

1

have been made, provided no clear error is apparent from the face of the record. <u>Lewis v. Zon</u>, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); <u>Nelson v. Smith</u>, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates her original arguments. <u>Ortiz v. Barkley</u>, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

By Order dated September 3, 2013 (Doc. #21), the Court granted petitioner's application for an extension of time to object to the R&R until October 25, 2013.

Petitioner did not object to Judge Smith's thorough and well-reasoned decision.

The Court has carefully reviewed the R&R and finds no error, clear or otherwise.

## CONCLUSION

Accordingly, the R&R is adopted in its entirety as the opinion of the Court.

The petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Love v. McCray</u>, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

Dated:  December 10, 2013
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge